**In re DREAMSTREET, INC., Debtor.**

**Bankruptcy No. 97–12813–FM.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

April 13, 1998.

Henry J. Novak, Austin, TX.

C. Daniel Roberts, C. Daniel Roberts & Associates, P.C., Austin, TX.

### MEMORANDUM OPINION

FRANK R. MONROE, Bankruptcy Judge.

The Court held a hearing on April 7, 1998 upon the Debtor's Motion to Dismiss Chapter 7 Bankruptcy to which the Trustee has objected. This Memorandum Opinion is being issued as written Findings of Fact and Conclusions of Law under Bankruptcy Rules 9014 and 7052. This Court has jurisdiction of this core proceeding under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and (2), 28 U.S.C. § 151 and the Standing Order of Reference in the United States District Court for the Western District of Texas.

### FACTS

This case was commenced by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on July 21, 1997. The nature of the business as set forth on the voluntary petition is "adult dance club". There was one creditor listed—the Internal Revenue Service.

The statement of affairs reflects that on May 12, 1997 the Debtor sold all of its furniture, fixtures and equipment to LMTD, Inc., a Texas corporation, for the sum of $31,-110.00. It is unknown from the record whether or not LMTD, Inc. is carrying on the business of the Debtor but one would not be surprised if that were not the case. It is also unknown from the record what connec-

tion, if any, LMTD, Inc. has with the Debtor or its principals.

The Debtor had gross income for the calendar year 1996 of $966,284.00 and gross income for 1997 through April 22, 1997 (presumably the date it ceased doing business) of $305,000.00.

Although the statement of affairs discloses that the Texas Alcohol and Beverage Commission had a pending license revocation proceeding against the Debtor as of the petition date, it is unknown from the record whether there is any connection between the TABC proceeding and the sale of the assets by the Debtor to LMTD, Inc.

Also, within ninety (90) days of the bankruptcy filing, the Debtor paid $14,194.61 to a Bill Riley to satisfy a debt owing to him.

The only asset listed by the Debtor is a lawsuit with an alleged value of $150,000.00 which was filed on June 25, 1997 between the time the Debtor sold its assets and filed bankruptcy.

On December 31, 1997, the Debtor filed a Motion to Determine Tax Liability under § 505(a) of the Bankruptcy Code for the years 1995 and 1996. The issue is whether or not the "topless" dancers at the club were contract labor or employees. The Internal Revenue Service filed a Motion to Invoke the Adversary Rules and a Motion to Abstain. At the hearing on February 17, 1998, the Debtor withdrew its Motion under § 505. On March 11, 1998, the Debtor filed its Motion to Dismiss and at the hearing stated the reason was because they were going to go to federal district court to determine the tax liability.

It seems a logical conclusion from the history of this case that the principals of the Debtor, who, of course, may be assessed liability by the IRS as responsible parties for the uncollected § 941 taxes, penalties and interest, may have been attempting to use the Bankruptcy Court and this corporate Debtor, whose only creditor was the Internal Revenue Service, to litigate their tax issues for them. If so, that would constitute an abuse of the bankruptcy process and this Court. After all, what difference does the amount of taxes owed the IRS by a defunct corporation in Chapter 7 make to that corpo-

ration itself; it's not going to receive a discharge. This scenario seems especially probable here since the IRS is the ONLY creditor.

The Motion to Dismiss may be a result of the Chapter 7 Trustee's recent interest in filing a fraudulent transfer lawsuit under § 547 against LMTD, Inc., the purchaser of the Debtor's assets [because he has information, according to his pleadings, that someone may be willing to pay a substantial amount in excess of the $31,000.00 purchase price if he can recover the assets]. Also, there is the lawsuit against a neighboring entity which was filed approximately one (1) month before the bankruptcy was filed. Further, there is the question of the relationship of the principals of the Debtor, LMTD, Inc., and the principals of LMTD, Inc., if any. And the question rises to the surface of its own merit as to whether or not there was a sale of the business of the Debtor to LMTD, Inc. as opposed to its assets. In fact, there are many questions which arise. And, if the case is dismissed, the answers will never be known.

### LEGAL CONCLUSIONS

██ This Motion is governed by § 707 of the Bankruptcy Code which in relevant part provides that the Court under subsection (a) may dismiss a Chapter 7 case ONLY for cause. Although the Court presumes that a case under Chapter 7 may be dismissed at the Debtor's request, there is no specific language in § 707 which grants the Debtor that right. However, the Court believes that the "cause" which must be proven by the Debtor in support of its Motion to Dismiss must be cause which is not prejudicial to the rights of creditors. The only creditor in this case, the Internal Revenue Service, has spoken at the hearing against the dismissal of this case because they feel that the Debtor has assets (the lawsuit and the potential fraudulent transfer claim) which would either be lost to the IRS in the event of a dismissal or become much more difficult to collect against in the case of a dismissal.

Chapter 7 bankruptcy is not something that you can dip your toe into in order to check the temperature of the water. It is

something you jump into and you can only be rescued from it if you can show cause. The avowed cause in this case is so that the Debtor and its responsible officers can pursue the IRS in United States District Court on the issue at hand. However, that is something the Debtor's principals can do whether this case is dismissed or not. And, if, as, and when the IRS files its claim in this case, the Trustee can litigate its amount and validity on behalf of the estate. And, in the meantime, the Trustee can take a look at the transfer to LMTD, Inc., pursue it if the circumstances so dictate, and pursue the lawsuit filed a month prior to the petition date. Indeed, it would be seem much more beneficial to the Debtor's insiders if the Trustee is able to collect on these assets and subsequently pay substantial amounts on the tax claim, which would, of course, relieve them of their potential liability thereon as well. This seems to be the much more preferable way of handling the matter as opposed to dismissing the case and putting the Debtor's principals once again in charge of the assets of this case, which in the past has been to the detriment of at least the IRS.

### CONCLUSION

For the foregoing reasons, the Motion to Dismiss shall be denied.